Case 2:17-cv-00193   Document 16   Filed on 09/26/17 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS ROBERTO BANDA | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-193 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jesus Roberto Banda is a federal prisoner currently incarcerated in the Big Spring Correctional Center – Cedar Hill Unit in Big Spring, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated. His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated below, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because Petitioner is not entitled to relief.[1] *See* 28 U.S.C. § 2254 Rule 4.

### I.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

### II.  BACKGROUND

On or about March 24, 2009, Petitioner was arrested by state authorities in Kleberg County, Texas and charged with possession of more than 400 grams of cocaine

---

[1] It is unclear to the undersigned whether Petitioner exhausted all of his administrative remedies, as is required before bringing a habeas petition. *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992). However, even assuming he has properly exhausted his claims, Petitioner still has no Double Jeopardy claim for the reasons discussed in this Memorandum and Recommendation.

and with money laundering. (D.E. 3, Pages 2 and 16). In April 2009, Petitioner was deported to Mexico without having been convicted of these offenses. (D.E. 3, Page 2). In April 2014, Petitioner re-entered the United States and was subsequently arrested by state authorities. (D.E. 3, Page 2). Federal authorities then took custody of Petitioner, again without the State having prosecuted Petitioner. (D.E. 3, Page 2). The federal government indicted Petitioner for drug trafficking and money laundering offenses, which included the March 24, 2009 arrest. *United States v. Yanez et al*, No. 2:11-cr-935-2 (S.D. Tex. filed Nov. 21, 2011) (Second Superseding Indictment).

On August 7, 2014, Petitioner pleaded guilty before United States District Judge Nelva Gonzales Ramos in the Southern District of Texas, Corpus Christi Division to one count of possession with intent to distribute 4.93 kilograms of cocaine in violation of 21 §§ U.S.C. 841(a)(1) and 841(b)(1)(B), and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (D.E. 3, Page 11). On November 19, 2014, Petitioner was sentenced to 70 months imprisonment in the U.S. Bureau of Prisons. (D.E. 3, Page 12).

On September 12, 2015, Petitioner was transferred back to state custody in Kleberg County, Texas. (D.E. 3, Page 2). Thereafter, the State prosecuted Petitioner for possession of a controlled substance[2] and money laundering. (D.E. 3, Page 2). The State subsequently dismissed the money laundering charge. (D.E. 3, Page 18). Petitioner

---

[2]Petitioner asserts (D.E. 3, Page 2), and the undersigned assumes for purposes of this Memorandum and Recommendation, that this charge is based on the same March 24, 2009 arrest.

pleaded guilty to possession of a controlled substance in penalty group 1 of more than 400 grams in violation of § 481.115(f) of the Texas Health and Safety Code. (D.E. 3, Page 16). On October 26, 2015, the 105th District Court of Kleberg County, Texas sentenced Petitioner to 10 years confinement in the Texas Department of Criminal Justice, with the sentence to run concurrently.[3] (D.E. 3, Page 16).

Petitioner filed this petition for writ of habeas corpus in the Northern District of Texas, Dallas Division, which was received on June 2, 2017. (D.E. 3, Page 1). On June 7, 2017, the case was transferred to the Southern District of Texas, Corpus Christi Division. (D.E. 4, Page 2).

### III.   PRELIMINARY REVIEW OF HABEAS ACTION

The Rules Governing Section 2254 Cases in the United States District Courts instruct that the district court may apply any or all of those rules to a habeas corpus petition not covered by Rule 1(a). 28 U.S.C. § 2254 Rule 1(b). Such petitions include those filed under § 2241. Rule 4 provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. This power of the district

---

[3] The State sentencing document provided by Petitioner states the sentence is to "run concurrently" (D.E. 3, Page 16), and the undersigned assumes this means it is to run concurrently with his federal sentence as there is no indication of any other sentence in the record.

court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes); *see also* 28 U.S.C. § 2243.

### IV.    PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner brings his habeas corpus petition under 28 U.S.C. § 2241. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458 (5th Cir. 2013).

On the other hand, a habeas petition under 28 U.S.C. § 2254 is the proper avenue for challenging the validity of a state conviction and sentence. *Hartfield v. Osborne*, 808 F.3d 1066, 1072 (5th Cir. 2015). A federal prisoner may use § 2254 to challenge an unexpired state court sentence he is not currently serving. *Pleasant v. State of Texas*, 134 F.3d 1256, 1258 (5th Cir. 1998); *Maleng v. Cook*, 490 U.S. 488, 493 (1989) (federal prisoner met "in custody" requirement of § 2254 in order to challenge subsequent state sentence where detainer ensured his delivery to state authorities upon expiration of federal sentence).

By claiming a violation of the Double Jeopardy Clause, Petitioner appears to be challenging the validity of his conviction by the state of Texas rather than the manner in

which his sentence is being executed.⁴ Thus, the more appropriate authority for Petitioner's constitutional challenge to his state conviction is § 2254.⁵

However, there is a reluctance among courts to recharacterize § 2241 petitions as § 2254 petitions. There are separate procedural requirements and restrictions placed on habeas petitions brought pursuant § 2254 that may result in adverse consequences for the unaware petitioner, such as the prohibition on "second or successive" § 2254 petitions. 28 U.S.C. § 2244(b); s*ee also Felker v. Turpin,* 518 U.S. 651, 662 (1996) (analyzing limitations imposed by § 2254 on federal court authority to grant habeas relief under § 2241). Conversely, the courts have emphasized that a petitioner may not use § 2241 to circumvent these limitations specifically applicable to § 2254 petitions. *See Hartfield*, 808 F.3d at 1073 (citing *Medberry v. Crosby,* 351 F.3d 1049, 1060-61 (11th Cir. 2003) (§ 2254 would be a "complete dead letter" if prisoners could opt out of its operation by simply choosing to file a § 2241 petition instead)); *Williams v. O'Brien,* 2007 WL 60487, at *1 (N.D. Tex. Jan. 5, 2007) (petitioner may not utilize § 2241 merely to avoid various statutory provisions applicable to § 2254 actions).

Regardless of whether considered as a § 2241 petition or recharacterized as a § 2254 petition, Petitioner's cause of action should be denied on the merits for the reasons

---

⁴Petitioner received his federal sentence in the Southern District of Texas, Corpus Christi Division. Petitioner's state court conviction occurred in Kleberg County. Regardless of whether Petitioner is challenging his federal or state conviction, the Southern District of Texas, Corpus Christi Division is the proper jurisdiction in which to file such a challenge.

⁵28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. *Pack,* 218 F.3d at 451. To the extent Petitioner is challenging his federal conviction, a motion to vacate under § 2255 would be the appropriate authority for Petitioner's constitutional challenge.

set out below.

## V.   DOUBLE JEOPARDY CLAIM

Petitioner seeks to vacate his state sentence by challenging its constitutionality under the Double Jeopardy Clause of the United States Constitution.[6]  The Fifth Amendment provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for a single offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989).  Petitioner asserts his conviction by the state of Texas violated the Double Jeopardy Clause under the third prong because he was already convicted for the same conduct by the federal government.

Petitioner's claim is without merit.  For purposes of this Memorandum and Recommendation, the undersigned accepts that Petitioner's federal and state convictions were both based upon the same conduct – the March 24, 2009 arrest.  However, there is no Fifth Amendment violation where a defendant is prosecuted for the same act by both state and federal entities. *See Bartkus v. Illinois*, 359 U.S. 121 (1959) (reaffirming principle that successive state and federal prosecutions do not violate the Fifth

---

[6]Petitioner does not specifically state whether he is challenging his state conviction, his federal conviction, or both.  The state sentence is longer, is set to run concurrently, and came after the federal conviction.  Because Petitioner alleges he was convicted in violation of the Double Jeopardy Clause of the Fifth Amendment, the undersigned believes Petitioner is challenging his state conviction rather than his federal conviction.

Amendment). This is known as the dual sovereignty doctrine. Under the dual sovereignty doctrine, one act that violates the laws of two sovereigns may be considered two distinct offenses, and is thus punishable by both sovereign governments. *United States v. Lanza*, 260 U.S. 377, 382 (1922); *United States v. Angleton*, 314 F.3d 767, 771 (5th Cir. 2002) ("The dual sovereignty doctrine is best understood, then, *not* as an exception to double jeopardy, but rather as a manifestation of the maxim that where a defendant violates the laws of two sovereigns, he commits separate offenses.") (emphasis in original).

It is well established that the federal government and the state governments are distinct sovereign powers, each with a power to prosecute independent and separate from the other. *See Angleton*, 314 F.3d at 771 (citing *Lanza*, 260 U.S. at 382). The Supreme Court has "uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government." *Heath v. Alabama*, 474 U.S. 82, 89 (1985). Consequently, the dual sovereign doctrine permits the successive federal and state prosecutions of Petitioner's conduct in this case.

Accordingly, Petitioner has failed to establish that the subsequent conviction by the State violated his constitutional protection against double jeopardy. Petitioner's federal and state convictions constituted proceedings by two separate sovereigns for two distinct offenses.

## VI.   RECOMMENDATION

Because Petitioner has failed to demonstrate a violation of the Double Jeopardy Clause of the Fifth Amendment, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**.

ORDERED this 26th day of September, 2017.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).